UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT AT HARTFORD

| | | |
|---|---|---|
| KATI BUNGERT, PPA ET AL | : | CIVIL ACTION NO. 302CV1291 (RNC) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF SHELTON, ET AL | : | |
| Defendants | : | JULY 18, 2004 |

## DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND/OR FILING OUT OF TIME

The Defendants hereby object to the Plaintiff's anticipated Second Motion for Extension of Time to respond to the Defendants' Motion for Summary Judgment. In support of this objection, the Defendants submit the following:

This action was originally filed with the Court on July 24, 2002. By order dated October 17, 2002, the Court ordered a discovery deadline of December 31, 2003. On August 28, 2003, the Plaintiff filed a Motion for Modification of Scheduling orders for a period of four months, as Attorney Moniz was unavailable for work through December 1, 2003. The Court granted this motion, moving the discovery deadline to April 20, 2004. On March 16, 2004, the Defendants requested an additional modification of the scheduling order for a period of two months, due to the fact that Attorney Moniz had been out of work for a period of time

and due to difficulties coordinating the schedule of this office with the trial schedule of Attorney Moniz. The Court granted this motion on March 24, 2004, extending the discovery deadline until June 19, 2004.

On April 6, 2004, Magistrate Gothers ordered that dispositive motions be filed by May 3, 2004. The Defendants filed their Motion for Summary Judgment by the Court ordered deadline, despite the fact that discovery was incomplete. By order dated May 5, 2004, the Court ordered Plaintiff's response due by May 24, 2004.

Despite this Court order, the Plaintiff did not file a response with the court by May 24, 2004. However, on June 3, 2004, more than one week past the deadline for filing a response, counsel for the Plaintiff contacted the undersigned to indicate he would be requesting an extension of time to file an objection to the motion for summary judgment. A Motion for Extension of Time and/or Filing Out of Time was filed with the Court that same day, requesting permission to file a response to the Defendant's Summary Judgment on or before July 15, 2004. The Defendants filed an objection to this request on June 4, 2004.

On June 4, 2004, the Court granted the Plaintiff's Motion for Extension of Time. In the Court Order granting this motion, Judge Chatigny noted that "Counsel are reminded that motions for extension of time must be filed 5 days prior the deadline in question." This was the second time in this case that Plaintiff's counsel had to be reminded of this rule. (See

Court's ruling granting Extension of Time to respond to the Defendant's Motion to Dismiss, dated October 18, 2002).  According to Court Order, the new deadline to file a response to the Defendant's Motion for Summary Judgment was July 15, 2004.

On July 16, 2004, Plaintiff's counsel left a voice mail message for Attorney Dwyer asking for another extension of time to file his objection.  Attorney Dwyer had been on vacation and did not receive the message until she returned to the office on July 19, 2004. Attorney Moniz did not attempt to contact the undersigned or any one else from this office in regard to his request despite his knowledge that other counsel of record may have been available to discuss this request.  On July 19, 2004, after speaking with Attorney Dwyer, the undersigned left a message with Attorney Moniz's office to indicate that the Defendants would be objecting to his request for an extension of time.  Attorney Moniz has not responded to this message.

In anticipation that the Plaintiff will file such a motion as indicated, the Defendants are filing an objection with the court.  In his voice mail message, Attorney Moniz indicated that more time is needed due to the "completion of depositions"  The message further indicated he would be seeking an extension through mid August.  However, by order of Magistrate Martinez dated June 28, 2004, the Court granted the Plaintiff's Motion for Modification of Scheduling Orders, setting the discovery deadline for July 21, 2004.

Since the court extended the discovery deadline, the plaintiff has completed the deposition of Mr. Gura. In addition, the deposition of Ms. Fenwick, a school employee, was noticed and taken by the Defendants. *The plaintiff's counsel has not noticed, nor has he ever expressed any interest in taking any other depositions.* The discovery deadline is only two days from the date of this objection. Further, the Plaintiff has had more than sufficient time to take any depositions he deemed necessary to responds to the Summary Judgment Motion. The discovery deadlines in this matter have been extended numerous times at the request of Plaintiff's counsel.

The only outstanding depositions are the depositions of two of the Plaintiff's treating doctors. These depositions were noticed by the Defendants in regard to the Plaintiff's claim for damages only; they are the Plaintiff's own witnesses. These depositions are not relevant to the pending Motion for Summary Judgment, and the completion of these depositions should not affect the Plaintiff's ability to file a timely response. Further, if the Plaintiff thought these depositions were necessary prior to filing his Objection to Summary Judgment, he could have provided available dates to take these depositions, as repeatedly requested by the undersigned. (See attached letter dated June 16, 2004). Attorney Moniz cannot now claim that he is being disadvantaged by the fact that these depositions have not yet taken place.

Rule 7 of the Local Rules Civil Procedure provide that motions for extension of time such as the one at issue "must be decided by a Judge and will not be granted except for good cause. *The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.*" D. Conn. L. Civ. R 7 (b)(2)(emphasis added). This "good cause" standard cannot be met by the Plaintiff in the present case.

The Plaintiff has not acted diligently in completing the discovery in this matter. Defendants' counsel's office has attempted on several occasions to schedule depositions, informing him when our witnesses were available to be deposed. (See attached letters dated June 9, 2004 and June 16, 2004). In addition to letters, Defendants' counsel's office contacted Attorney Moniz's office by phone on numerous occasions to schedule or reschedule depositions. The Plaintiff has had more than sufficient time to schedule and take depositions. In addition, Plaintiff has had Defendants' Motion for Summary Judgment since May 4, 2004, more than sufficient time to be able to complete necessary discovery and respond.

Any claimed difficulty in completing discovery was due to the Plaintiff's own delays. He accordingly cannot avail himself of a "good cause" showing that the time limitation could not

reasonably be met despite diligence on his part.  As such, any Motion for Extension of Time filed by the plaintiff should be denied.

                          DEFENDANTS:
                          **The City of Shelton, et al**

BY_____
    Melissa G. Melnick
    Gordon, Muir and Foley, LLP
    10 Columbus Boulevard
    Hartford, CT  06106
    (860) 525-5361
    Federal Bar No. CT18807

### **C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing was mailed postage prepaid to the following counsel of record on July 19, 2004:

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann LLP
100 Allyn Street
Hartford, CT 06103

                          _____
                          Melissa G. Melnick

::ODMA\PCDOCS\DOCS\365870\2