UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT AT HARTFORD

| | | |
|---|---|---|
| KATI BUNGERT, PPA ET AL | : | CIVIL ACTION NO. 302CV1291 (RNC) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF SHELTON, ET AL | : | |
|     Defendants | : | SEPTEMBER 20, 2004 |

## LOCAL RULE 56(a)(1) STATEMENT

    1.    In September of 2000, the Plaintiff was a Ninth Grade student at Shelton High School, a public school, and still under the care of her parents. (Compl. ¶ 1,10; Bungert Depo p 5).

    2.    None of the three named Defendants were present in Mr. Decho's classroom at the time the plaintiff alleges she was harassed by other students and Mr. Decho did not inform the named Defendants of such misconduct. (Compl. ¶¶ 12-14).

    3.    Ms. Bungert met with Howard Gura, Housemaster of House 3 at Shelton High School to inform him that she was being harassed. (Compl. ¶ 16; Bungert Depo p 29; Gura Affidavit).

    4.    Mr. Gura spoke to the female students and told them to refrain from harassing the Plaintiff. (Compl. ¶ 17; Bungert Depo p 30 ).

5.  Any alleged continued harassment was not brought to the attention of the named Defendants. (Gura Affidavit).

6.  The Plaintiff never met Mr. Ramia or Mr. Sylvester. (Bungert Depo pp 99-100). The Plaintiff never went back to Mr. Gura to complain until after the fire alarm incident in January 2001. (Bungert Depo p 31).

7.  After January, 2001, Kati Bungert's mother met with the Defendants Ramia and Gura as well as another principal, Mr. Piccola.  (Murcko Depo pp 19-20).

8.  After this meeting Kati Bungert's mother had no other meetings or contact with Defendants Gura or Ramia until after Kati was allegedly assaulted in March 2001.  (Murcko Depo p 89).

9.  Three High School Principals were in the vicinity of the bus stop when the plaintiff alleges she was threatened by other students (Compl. ¶ 23).  None of the Principals, specifically, the named Defendants, were aware that these alleged threats had been made.  (Bungert Depo pp 49-50).

10. The Defendants were not aware of this incident. (Bungert Depo pp 49-50; Gura Affidavit, Ramia Affidavit) and it was not reported to the school until after the Plaintiff was allegedly assaulted on March 12, 2001 (Murcko Depo pp 28-29).

11. Sometime after March 12, 2001, the Defendant Gura became aware of the plaintiff's allegation that she had been intentionally struck by another student in the hallway (Gura Affidavit).

12. The plaintiff later identified Michael Castelot as the alleged student offender. (Compl. ¶¶ 26, 28).

13. An investigation into the incident was conducted, including speaking with Mr. Castelot and several other students, as well as various school employees. (Gura Affidavit).

14. The Plaintiff's mother subsequently took the Plaintiff to the hospital. (Compl. ¶ 27).

15. Mr. Castelot denied any involvement, and his teacher confirmed that Mr. Castelot had been in the classroom at the time the incident allegedly occurred. (Gura Affidavit).

16. As such, no disciplinary action could be taken. (Gura Affidavit).

17. The Plaintiff did not return to school after that incident, due to fear of further harassment. (Compl. ¶ 30; Bungert Depo p 68).

18. Defendant Gura offered many alternatives to the Plaintiff to accommodate her situation, including offering that she could arrive late and leave early, offering to provide her with an escort in the hallways, providing a home tutor, and offering alternative school placements. (Gura Affidavit; Bungert Depo pp 82, 98).

19. The Plaintiff's doctor requested homebound tutoring be provided through the end of the academic year due to post traumatic stress disorder. (Compl. ¶ 33; Gura Affidavit; Letter of Dr. Rosmarin dated April 12, 2001).

20. The Plaintiff's doctor wrote to Defendant Sylvester urging his support to transfer the Plaintiff out of that school district as a result of continued symptoms related to her previous experience with harassment. (Letter of Dr. Rosmarin dated August 20, 2001).

21. The Plaintiff opted to receive home tutoring, which lasted through the end of that academic year, (Compl. ¶ 33; Gura Affidavit), and again October through December of the following year. (Compl. ¶¶ 36-37; Gura Affidavit).

22. The Defendant Sylvester advised the Plaintiff that they could no longer provide such services. (Letter of Sylvester).

23. The Defendants offered to provide the Plaintiff with escort services to ensure her safety, but Plaintiff refused. (Bungert Depo p 92; Gura Affidavit).

24. The Defendants also offered alternative schools within the district, but Plaintiff refused. (Bungert Depo p 82; Gura Affidavit).

25. In February of 2002, the Plaintiff enrolled in Sacred Heart Academy, a private high school. (Compl. ¶ 39; Bungert Depo pp 14-15).

26. The Defendants' teachers and administrators receive 18 hours of professional training each year. (Gura Affidavit).

        DEFENDANTS:
        **The City of Shelton, et al**

        BY_____
        Melissa G. Melnick
        Gordon, Muir and Foley, LLP
        10 Columbus Boulevard
        Hartford, CT  06106
        (860) 525-5361
        Federal Bar No. CT18807

## **C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing was mailed postage prepaid to the following counsel of record this 20th day of September, 2004:

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann LLP
100 Allyn Street
Hartford, CT 06103

        _____
        Melissa G. Melnick

::ODMA\PCDOCS\DOCS\373899\1